TROUTMAN SANDERS LLP
David J. Sheehan (DS-4818)
The Legal Center
One Riverfront Plaza
Newark, New Jersey  07102
(973) 645-0772

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------X

| | | |
|---|---|---|
| ALEXANDRIA ELIAS, ROXANNE SCHER, DOLORES BAEZ and JENNIFER TOSI, on behalf of themselves and all others similarly situated, | : : : : : | **Civil Action No.:** 2:06-cv-02448-KSH-PS |
| Plaintiffs, | : : | |
| -against- | : : | **AMENDED CLASS ACTION COMPLAINT** |
| UNGAR'S FOOD PRODUCTS, INC., d/b/a DR. PRAEGER'S SENSIBLE FOODS and SENSIBLE FOODS LLC d/b/a, DR. PRAEGER'S SENSIBLE FOODS | : : : | |
| Defendants. | : | **PLAINTIFFS DEMAND A TRIAL BY JURY** |

------------------------------------------------------------X

Plaintiffs Alexandria Elias, Roxanne Scher, Dolores Baez and Jennifer Tosi on behalf of themselves and all others similarly situated, by their attorneys Troutman Sanders LLP, file this Amended Class Action Complaint and allege as follows:

**PRELIMINARY STATEMENT**

1. Plaintiffs bring this action on behalf of themselves and all others similarly situated for damages resulting from Defendants' deceptive, unfair and unconscionable business practices, breach of warranty and negligent misrepresentation in connection with Defendants' advertising and sale of their (i) frozen vegetarian patties known as Dr.

Praeger's "California veggie burgers" and "Tex-Mex veggie burgers" (hereinafter "Dr. Praeger's Veggie Burgers"); (ii) frozen Dr. Praeger's broccoli pancakes (hereinafter "Dr. Praeger's Broccoli Pancakes"); (iii) frozen Dr. Praeger's potato pancakes (hereinafter "Dr. Praeger's Potato Pancakes") and (iv) frozen Dr. Praeger's spinach pancakes (hereinafter "Dr. Praeger's Spinach Pancakes") (Dr. Praeger's Broccoli Pancakes, Dr. Praeger's Potato Pancakes and Dr. Praeger's Spinach Pancakes are sometimes referred to collectively as "Dr. Praeger's Vegetable Pancakes").  Plaintiffs specifically exclude from this Amended Complaint claims for personal injuries which they might possess as a result of the facts alleged herein.

2. Independent testing and analysis has confirmed that the claims on the "Nutrition Facts" box on packages of Dr. Praeger's Veggie Burgers, stating that the products contain 4 grams of fat and 92 calories per serving, are false.  In fact, Dr. Praeger's Veggie Burgers contain nearly 9 grams of fat and almost 160 calories per serving.

3. Independent testing and analysis has also confirmed that the claims on the "Nutrition Facts" box on packages of Dr. Praeger's Broccoli Pancakes, stating that the product contains 2 grams of fat and 40 calories per serving, are false.  In fact, Dr. Praeger's Broccoli Pancakes contain nearly 4 grams of fat and more than 60 calories per serving.

4. Independent testing and analysis has also confirmed that the claims on the "Nutrition Facts" box on packages of Dr. Praeger's Potato Pancakes, stating that the product contains 2.5 grams of fat and 50 calories per serving, are false.  In fact, Dr.

Praeger's Potato Pancakes contain nearly 5 grams of fat and almost 80 calories per serving.

5. Independent testing and analysis has also confirmed that the claims on the "Nutrition Facts" box on packages of Dr. Praeger's Spinach Pancakes, stating that the product contains 2 grams of fat and 40 calories per serving, are false. In fact, Dr. Praeger's Spinach Pancakes contain more than 4 grams of fat and more than 60 calories per serving.

6. The Nutrition Labeling and Education Act requires that food products, including Dr. Praeger's Veggie Burgers and Dr. Praeger's Vegetable Pancakes disclose on their packaging certain nutrition information, including the amount of fat and number of calories in a single serving of the product. The false claims regarding Dr. Praeger's Veggie Burgers and Dr. Praeger's Vegetable Pancakes also appear on the Defendants' website, www.drpraegers.com.

## JURISDICTION AND VENUE

7. The claims asserted by the putative class are for damages well in excess of $5,000,000.00 and, as such, this Court has jurisdiction over these claims pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)(A). The Court also has jurisdiction pursuant to 28 U.S.C. § 1332(a)(l).

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendants reside, transact business and are found in this District and a substantial portion of the events giving rise to Plaintiffs' claims arose here.

## PARTIES

9. Plaintiff Alexandria Elias is a citizen of the State of New York, residing in the County of Nassau. During the Class Period, Plaintiff purchased and consumed Dr. Praeger's Veggie Burgers.

10. Plaintiff Roxanne Scher is a citizen of the State of New York, residing in the County of New York. During the Class Period, Plaintiff purchased and consumed Dr. Praeger's Veggie Burgers and Dr. Praeger's Vegetable Pancakes.

11. Plaintiff Dolores Baez is a citizen of the State of New York, residing in the County of Suffolk. During the Class Period, Plaintiff purchased and consumed Dr. Praeger's Veggie Burgers.

12. Plaintiff Jennifer Tosi is a citizen of the State of New York, residing in the County of New York. During the Class Period, Plaintiff purchased and consumed Dr. Praeger's Vegetable Pancakes. Plaintiff also fed Dr. Praeger's Vegetable Pancakes to her children.

13. Defendant Ungar's Food Products, Inc. d/b/a Dr. Praeger's Sensible Foods ("Ungar's"), is a corporation organized under the laws of the State of New Jersey, with its principal place of business in Elmwood Park, New Jersey. During the Class Period, Ungar's manufactured, advertised and sold frozen food products, including Dr. Praeger's Veggie Burgers and Dr. Praeger's Vegetable Pancakes and as well as frozen fish sticks, in New Jersey and throughout the United States through retailers and directly to consumers through its website, www.drpraegers.com.

14. Defendant Sensible Foods LLC d/b/a Dr. Praeger's Sensible Foods ("Sensible Foods"), is a limited liability corporation organized under the laws of the State

of New Jersey, with its principal place of business in Elmwood Park, New Jersey. During the Class Period, Sensible Foods manufactured, advertised and sold frozen food products, including Dr. Praeger's Veggie Burgers and Dr. Praeger's Vegetable Pancakes and as well as frozen fish sticks, in New Jersey and throughout the United States through retailers and directly to consumers through its website, www.drpraegers.com.

## CLASS ACTION ALLEGATIONS

15.     Plaintiffs bring this action as a Class Action against Ungar's and Sensible Foods ("Defendants") pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), individually and on behalf of a Class consisting of all consumers throughout the United States who have purchased Dr. Praeger's Veggie Burgers and/or Dr. Praeger's Vegetable Pancakes during the Class Period.  The Class Period is the period from the first date that Ungar's and/or Sensible Foods sold Dr. Praeger's Veggie Burgers and/or Dr. Praeger's Vegetable Pancakes through the date that the Court certifies this suit as a class action. Excluded from the Class is Ungar's and Sensible Foods, any parent, subsidiary, affiliate, or entity controlled by Ungar's or Sensible Foods, as well as the officers, directors, agents, servants, or employees of Ungar's and Sensible Foods, and the immediate family members of any such persons.

16.     Plaintiffs are members of the Class and will fairly and adequately assert and protect the interests of the Class.  The interests of the Plaintiffs are coincident with, and not antagonistic to, those of other members of the Class.  Plaintiffs have retained attorneys who are experienced in class action litigation.

17.     The Class is so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiffs at this time, it is

ascertainable by appropriate discovery, and Plaintiffs are informed and believe that the Class includes at least as many as tens of thousands of members geographically dispersed throughout the United States.

18. There is a well-defined community of interest in the questions of law and fact involving and affecting the parties. Common questions of law or fact predominate over any questions affecting only individual members of the Class. Common questions include, but are not limited to, the following:

(a) Whether the Defendants, on the packaging of their Dr. Praeger's Veggie Burgers and Dr. Praeger's Vegetable Pancakes, misstate the fat and caloric content of the products;

(b) Whether the Defendants, on their website, www.drpraegers.com, misstate the fat and caloric content of their Dr. Praeger's Veggie Burgers and Dr. Praeger's Vegetable Pancakes;

(c) Whether the Defendants violated the New Jersey Consumer Fraud Act through a course of deceptive, unfair, misleading, unconscionable or otherwise unlawful conduct;

(d) Whether the Defendants acted negligently; and

(e) Whether the Class has been damaged and, if so, the extent of such damages, and/or the nature of equitable relief, statutory damages, including treble damages, or exemplary damages to be awarded.

19. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiffs anticipate that no unusual difficulties are likely to be encountered in the management of this class action.

20. The advertising and sale of Dr. Praeger's Veggie Burgers and Dr. Praeger's Vegetable Pancakes took place through a common course of conduct which involved standardized claims that misrepresented the actual fat and caloric content of the products. As a result, the common issues which affect Plaintiffs and the Class predominate over those which affect any individual Class member.

21. As the damages suffered by each individual member of the Class may be relatively small, the expense and burden of individual litigation would make it difficult or impossible for individual members of the Class to redress the wrongs done to them. The cost to the court system of adjudication of such individualized litigation would be substantial.

22. In addition, the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for the Defendants.

23. By contrast, the conduct of this action as a class action presents far fewer management difficulties, conserves the resources of the parties and the courts, and protects the rights of each Class member.

## STATEMENT OF FACTS

24. As a central part of their advertising and sale of their Dr. Praeger's Veggie Burgers and Dr. Praeger's Vegetable Pancakes, Defendants employed marketing campaigns pursuant to which they have made false and misleading claims concerning the amount of fat and calories contained in these products. Specifically, Defendants have expressly claimed that:

    (a) Dr. Praeger's Veggie Burgers contain 4 grams of fat and 92 calories per serving;

    (b) Dr. Praeger's Broccoli Pancakes contain 2 grams of fat and 40 calories per serving;

    (c) Dr. Praeger's Potato Pancakes contain 2.5 grams of fat and 50 calories per serving; and

    (d) Dr. Praeger's Spinach Pancakes contain 2 grams of fat and 40 calories per serving.

25. These representations were also intended to and did in fact imply to consumers that Dr. Praeger's Veggie Burgers and Dr. Praeger's Vegetable Pancakes were a relatively low fat, low calorie, healthy food choice.

26. These representations were intended to and did in fact substantially increase sales of the products and the price which Defendants were able to charge for them.

27. The specific false and misleading claims include the following:

    (a) that Dr. Praeger's Veggie Burgers contain 4 grams of fat per serving;

    (b) that Dr. Praeger's Veggie Burgers contain 92 calories per serving;

    (c) that Dr. Praeger's Broccoli Pancakes contain 2 grams of fat per serving;

    (d) that Dr. Praeger's Broccoli Pancakes contain 40 calories per serving;

    (e) that Dr. Praeger's Potato Pancakes contain 2.5 grams of fat per serving;

    (f) that Dr. Praeger's Potato Pancakes contain 50 calories per serving; and

    (g) that Dr. Praeger's Spinach Pancakes contain 2 grams of fat per serving; and

    (h) that Dr. Praeger's Spinach Pancakes contain 40 calories per serving.

28. In fact, Defendants knew or should reasonably have known that these representations were false at the time they were made. Defendants knew or should have known that

    (a) each serving of Dr. Praeger's Veggie Burgers contains nearly 9 grams of fat and almost 160 calories.

      (b)      each serving of Dr. Praeger's Broccoli Pancakes contains nearly 4 grams of fat and more than 60 calories;

      (c)      each serving of Dr. Praeger's Potato Pancakes contains nearly 5 grams of fat and almost 80 calories; and

      (d)      each serving of Dr. Praeger's Spinach Pancakes contains more than 4 grams of fat and more than 60 calories.

29. Upon information and belief, Defendants have spent millions of dollars in deceptively advertising, marketing and promoting their Dr. Praeger's Veggie Burgers and Dr. Praeger's Vegetable Pancakes as described above.

30. During the course of these deceptive advertising, marketing and promotional campaigns, Plaintiffs and other members of the Class reasonably relied upon Defendants' misrepresentations in purchasing Dr. Praeger's Veggie Burgers and/or Dr. Praeger's Vegetable Pancakes.

31. The Plaintiffs and other members of the Class have suffered damages in that they purchased products that they would not have purchased had they known the truth about them.

32. In addition, as a direct result of Defendants' false and misleading claims about the amount of fat and calories contained in Dr. Praeger's Veggie Burgers, the number of consumers who purchased and consumed Dr. Praeger's Veggie Burgers was increased exponentially by virtue of the fact that Weight Watchers® coaches recommend Dr. Praeger's Veggie Burgers as an excellent "1 Point" food to their members at weekly Weight Watchers® meetings. In addition, Dr. Praeger's Veggie Burgers were listed in Weight Watchers® *Complete Food Companion* as a "1 Point" food.

33. The Weight Watchers® "flexible *POINTS*®️ plan" is a point based system in which Weight Watchers® members seek to limit their food intake per day to a certain

number of points depending on their age, weight goals and gender.  The calculation that Dr. Praeger's Veggie Burgers are a "1 Point" food is based upon the calories, fat and dietary fiber of the food as listed on the "Nutrition Facts" box on the product packaging.

34. Upon information and belief, some Class members consumed two servings of Dr. Praeger's Veggie Burgers or Dr. Praeger's Vegetable Pancakes at a single meal based upon the understatement of the fat and calories.

35. Dr. Praeger's Veggie Burgers were also featured by name on the menus of many restaurants and delicatessens, where they were purchased by many Class members who were aware of the Defendants' claims about the products' fat and caloric content.

## COUNT I
### Violation of the New Jersey Consumer Fraud Act (N.J.S.A 56:8-1 et seq.)

36. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 35.

37. This Count is brought pursuant to the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 et seq.

38. At all times material hereto, Plaintiffs and all members of the Class were and are entitled to relief under N.J.S.A. 56:8-2; 56:8-2.11; 56:8-2.12, 56:8-19 and all other applicable provisions of the New Jersey Consumer Fraud Act.

39. At all times material hereto, Ungar's was a "person" within the meaning of N.J.S.A. 56:8-1.

40. At all times material hereto, Sensible Foods was a "person" within the meaning of N.J.S.A. 56:8-1.

41. The New Jersey Consumer Fraud Act, Section 56:8-2, provides in pertinent part:

> The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice.

42. Defendants' practices regarding the fat and caloric content of Dr. Praeger's Veggie Burgers and Dr. Praeger's Vegetable Pancakes as alleged above, were unconscionable, deceptive, fraudulent, under false pretense or false promises, misrepresentations, and/or a knowing concealment, suppression or omission.

43. The misrepresentations and/or deception and/or concealment and/or omission of material facts alleged in the preceding paragraphs occurred in connection with Defendants' conduct of trade and commerce in New Jersey and throughout the United States.

44. Defendants' deceptive and/or unfair and/or unconscionable acts and practices are violations of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 et seq.

45. As a direct and proximate result of Defendants' violations of the New Jersey Consumer Fraud Act, Plaintiffs and the other Class members have suffered damages, and have suffered an ascertainable loss attributable to conduct made unlawful by the New Jersey Consumer Fraud Act, in an amount to be proven at trial, including but not limited to monies expended on Dr. Praeger's Veggie Burgers and Dr. Praeger's Vegetable Pancakes, in addition to treble damages, attorneys' fees and costs.

## COUNT II
(Breach of Express Warranty)

46. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 35.

47. Defendants' affirmations of fact and/or promises relating to their Dr. Praeger's Veggie Burgers and Dr. Praeger's Vegetable Pancakes created express warranties that the products would conform to Defendants' affirmations of fact and/or promises.

48. Alternatively, Defendants' descriptions of their Dr. Praeger's Veggie Burgers and Dr. Praeger's Vegetable Pancakes became part of the bases of the bargains, creating express warranties that the products purchased by Plaintiffs and the other Class members would conform to Defendants' descriptions and specifications.

49. In fact, the products purchased by Plaintiffs did not so conform.

50. As a result of the foregoing, Plaintiffs and the other Class members have suffered damages, in that the value of the products they purchased was less than warranted by Defendants.

## COUNT III
(Negligent Misrepresentation)

51. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 35.

52. In making representations of fact to Plaintiffs and the other Class members, Defendants failed to fulfill their duties to disclose the material facts alleged above. Among the direct and proximate causes of said failure to disclose were the negligence and carelessness of Defendants.

53.	Plaintiffs and the other Class members, as a direct and proximate cause of Defendants' breaches of their duties, reasonably relied upon such representations to their detriment.  By reason thereof, Plaintiffs and the other Class members have suffered damages.

WHEREFORE, Plaintiffs and the other Class members respectfully request that this Court enter judgment as follows:

A.	Declaring that this action is properly maintainable as a Class action and certifying Plaintiffs as Class representatives;

B.	Issue a preliminary and permanent injunction restraining Defendants, their employees, agents and successors from deceptively selling Dr. Praeger's Veggie Burgers and Dr. Praeger's Vegetable Pancakes;

C.	Issue an Order requiring Defendants to make corrective disclosures;

D.	Awarding Plaintiffs and the other Class members compensatory damages;

E.	Awarding Plaintiffs and the other Class members statutory treble damages;

F.	Awarding Plaintiffs and the other Class members punitive damages with respect to the First Count;

G.	Awarding Plaintiffs and the other Class members statutory costs of this action, including reasonable attorneys' fees and expenses; and

H.	Awarding Plaintiffs and the other Class members such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiffs and the other Class members hereby demand a trial by jury of all issues.

Dated: New York, New York
August 25, 2006

                TROUTMAN SANDERS LLP
                The Legal Center
                One Riverfront Plaza
                Newark, New Jersey  07102

                By:    <u>s/ David J. Sheehan</u>
                David J. Sheehan (DS-4818)

                Charles P. Greenman
                Matthew J. Aaronson
                TROUTMAN SANDERS LLP
                The Chrysler Building
                405 Lexington Avenue
                New York, New York 10174
                (212) 704-6000

                Attorneys for Plaintiffs

To:    SAIBER SCHLESINGER SATZ
        & GOLDSTEIN, LLC
        One Gateway Center
        13th Floor
        Newark, New Jersey 07102