SAIBER SCHLESINGER SATZ
  & GOLDSTEIN, LLC
David R. Gross, Esq.
David A. Cohen, Esq.
James H. Gianninoto, Esq.
One Gateway Center - 13th Floor
Newark, New Jersey  07102
(973) 622-3333

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------------X

| | | |
|---|---|---|
| ALEXANDRIA ELIAS, ROXANNE SCHER, DOLORES BAEZ and JENNIFER TOSI, on behalf of themselves and all others similarly situated, | : | **Civil Action No.:** **2:06-cv-02448-KSH-PS** |
| Plaintiffs, | : | |
| -against- | : | **ANSWER AND SEPARATE DEFENSES TO AMENDED CLASS ACTION COMPLAINT** |
| UNGAR'S FOOD PRODUCTS, INC., d/b/a DR. PRAEGER'S SENSIBLE FOODS and SENSIBLE FOODS LLC d/b/a, DR. PRAEGER'S SENSIBLE FOODS, | : | |
| Defendants. | : | |

-------------------------------------------------------------X

    Defendants, Ungar's Food Products, Inc., d/b/a Dr. Praeger's Sensible Foods and Sensible Foods LLC d/b/a Dr. Praeger's Sensible Foods (collectively "Defendants"), by their attorneys, Saiber Schlesinger Satz & Goldstein, LLC, jointly respond to Plaintiffs' Amended Class Action Complaint ("Complaint") as follows:

## AS TO THE PRELIMINARY STATEMENT

    1.    Defendants admit only that they advertise and sell, among other products, frozen vegetarian patties known as Dr. Praeger's "California Veggie Burgers" and "Tex-

Mex Veggie Burgers", frozen Dr. Praeger's Broccoli Pancakes, frozen Dr. Praeger's Potato Pancakes, and frozen Dr. Praeger's Spinach Pancakes (hereinafter collectively, the "Defendants' Products").  Defendants deny each and every allegation contained in Paragraph 1 regarding purported "deceptive, unfair and unconscionable business practices, breach of warranty and negligent misrepresentation."  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1.

2. Defendants deny each and every allegation contained in Paragraph 2 regarding purported "false" claims, and refer to the "Nutrition Facts" portion of the labels of Defendants' Products for their contents.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 2 regarding purported "independent testing and analysis".

3. Defendants deny each and every allegation contained in Paragraph 3 regarding purported "false" claims, and refer to the "Nutrition Facts" portion of the labels of Defendants' Products for their contents.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3 regarding purported "[i]ndependent testing and analysis".

4. Defendants deny each and every allegation contained in paragraph 4 regarding purported "false" claims, and refer to the "Nutrition Facts" portion of the labels of Defendants' Products for their contents .  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4 regarding purported "[i]ndependent testing and analysis."

5. Defendants deny each and every allegation contained in Paragraph 5 regarding purported "false" claims, and refer to the Nutrition Facts" portion of the labels of Defendants' Products for their contents. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5 regarding purported "independent testing and analysis."

6. Defendants make no response to the allegations contained in Paragraph 6 insofar as they contain legal conclusions or otherwise purport to describe the legal requirements of the Nutrition Labeling and Education Act of 1990, 21 U.S.C. §343-1 (1990), (the "Act"). To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 6, except admit only that the "Nutrition Facts" portion of the labels of Defendants Products disclose certain nutrition information including the amount of fat and calories per serving, calculated in accordance with the Act, applicable regulations and current good manufacturing practice, and further admit that the "Nutrition Facts" portion of the labels for certain of Defendants' Products have appeared on Defendants' website, www.drpraegers.com at certain times.

## AS TO JURISDICTION AND VENUE

7. Defendants make no response to the allegations contained in paragraph 7 insofar as they contain legal conclusions or purport to describe the legal requirements of the cited statutes. To the extent a response is required, Defendants deny each and every such allegation. Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7.

8. Defendants make no response to the allegations contained in Paragraph 8 insofar as they contain legal conclusions or purport to describe the legal requirements

of the cited statute. To the extent a response is required, Defendants deny each and every allegation contained Paragraph 8, except Defendants admit only that Defendants reside, transact business and are found in this District.

## AS TO THE PARTIES

9. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9.

10. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10.

11. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11.

12. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12.

13. Defendants admit only that Defendant Ungar's Food Products, Inc. d/b/a Dr. Praeger's Sensible Foods ("Ungar's") is a corporation organized under the laws of the State of New Jersey, with its principal place of business in Elmwood Park, New Jersey and that Ungar's manufactured, advertised and sold certain food products, including the Products, as well as other products, in New Jersey and various other locations in the United States through retailers and directly to consumers through the website, [www.drpraeger's.com](www.drpraeger's.com), but deny each and every one of the remaining allegations contained in Paragraph 13.

14. Defendants admit only that Defendant Sensible Foods, LLC d/b/a Dr. Praeger's Sensible Foods ("Sensible Foods") is a limited liability corporation organized under the laws of the State of New Jersey, with its principal place of business in

Elmwood Park, New Jersey, that, during certain times, Sensible Foods manufactured, advertised and sold certain frozen food products including the Products, as well as other products, in New Jersey and other locations in the United States through retailers and directly to consumers through the website, www.drpraegers.com, and deny each and every one of the remaining allegations contained in Paragraph 14.

### AS TO THE CLASS ACTION ALLEGATIONS

15. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15.

16. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16.

17. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17.

18. Defendants make no response to the allegations contained in Paragraph 18 (a) - (e) insofar as they contain legal conclusions. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 18.

19. Defendants make no response to the allegations contained in Paragraph 19 insofar as they contain legal conclusions. To the extent that a response is required, Defendants deny each and every allegation contained in Paragraph 19, except deny knowledge or information sufficient to form a belief as to the truth of the allegation regarding what Plaintiffs "anticipate."

20. Defendants make no response to the allegations contained in Paragraph 20 insofar as they contain legal conclusions. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 20, except admit

that all of Plaintiffs' claims appear to be based upon the "Nutrition Facts" portion of the labels of Defendants' Products.

21. Defendants make no response to the allegations contained in Paragraph 21 insofar as they contain legal conclusions. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 21 except deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 regarding the purported "expense and burden" of individualized litigation.

22. Defendants make no response to the allegations contained in Paragraph 22 insofar as they contain legal conclusions. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 22.

23. Defendants make no response to the allegations contained in Paragraph 23 insofar as they contain legal conclusions. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 23.

## AS TO THE STATEMENT OF FACTS

24. Defendants deny each and every allegation contained in Paragraph 24 (a)-(d) regarding purported "false and misleading claims", and refer to the "Nutrition Facts" portion of the labels of Defendants' Products for their contents.

25. Defendants deny each and every allegation contained in Paragraph 25, and refer to the "Nutrition Facts" portion of the labels of Defendants' Products for the contents.

26. Defendants deny each and every allegation contained in Paragraph 26.

27. Defendants deny each and every allegation contained in Paragraphs 27(a)-(h) regarding purported "false and misleading claims," and refer to the Nutrition Facts" portion of the labels of Defendants' Products for their contents.

28. Defendants deny each and every allegation contained in Paragraph 28 (a)-(d).

29. Defendants deny each and every allegation contained in Paragraph 29.

30. Defendants deny each and every allegation contained in Paragraph 30 regarding purported "deceptive advertising, marketing and promotional campaigns" and purported "misrepresentations," except deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 regarding what "Plaintiffs and other Members of the Class", purportedly relied upon or the reasonableness of that purported reliance.

31. Defendants deny each and every allegation contained in Paragraph 31.

32. Defendants deny each and every allegation contained Paragraph 32 regarding purported "false and misleading claims" and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 32.

33. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33.

34. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34.

35. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35.

## AS TO COUNT I

## VIOLATION OF THE NEW JERSEY
## CONSUMER FRAUD ACT (N.J.S.A. 56:8-1, et seq.)

36. Defendants repeat and reallege their responses to Paragraphs 1-35 of the Complaint, as if fully set forth herein at length.

37. Defendants admit the allegations contained in Paragraph 37.

38. Defendants deny each and every allegation contained in Paragraph 38.

39. Defendants make no response to the allegations contained in Paragraph 39 insofar as they contain legal conclusions. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 39.

40. Defendants make no response to the allegations contained in Paragraph 40 insofar as they contain legal conclusions. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 40.

41. Defendants make no response to the allegations contained in Paragraph 41 insofar as they contain legal conclusions. To the extent a response is required, Defendants admit only that the statutory section alleged in Paragraph 41 is accurately quoted, except Defendants deny that any portion of the New Jersey Consumer Fraud Act is pertinent to any of the claims at issue in this action.

42. Defendants deny each and every allegation contained in Paragraph 42.

43. Defendants deny each and every allegation contained in Paragraph 43.

44. Defendants make no response to the allegations contained Paragraph 44 insofar as they contain legal conclusions or purport to summarize Plaintiffs' alleged

claims. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 44.

45. Defendants make no response to the allegations contained in Paragraph 45 insofar as they contain legal conclusions or purport to summarize Plaintiffs' alleged claims or requested relief. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 45.

## AS TO COUNT II

### (BREACH OF EXPRESS WARRANTY)

46. Defendants repeat and reallege their responses to Paragraphs 1 through 35 of the Complaint, as if fully set forth herein at length.

47. Defendants make no response to the allegations contained in Paragraph 47 insofar as they contain legal conclusions. To the extent a response is required, Defendants deny each and every allegation contained Paragraph 47.

48. Defendants make no response to the allegations contained in Paragraph 48 insofar as they contain legal conclusions. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 48.

49. Defendants deny each and every allegation contained in Paragraph 49.

50. Defendants deny each and every allegation contained in Paragraph 50.

## AS TO COUNT III

### (NEGLIGENT MISREPRESENTATION)

51. Defendants repeat and reallege their responses to Paragraph 1-35 of the Complaint as if fully set forth herein at length.

52. Defendants make no response to the allegations contained in Paragraph 52 insofar as they contained legal conclusions.  To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 52.

53. Defendants make no response to the allegations contained in Paragraph 53 insofar as they contain legal conclusions, to the extent a response is required, Defendants deny each and every allegation contained in Paragraph 53.

### FIRST SEPARATE DEFENSE

The Complaint fails, in whole or in part, to state a claim or claims upon which relief may be granted or upon which the relief sought can be awarded.

### SECOND SEPARATE DEFENSE

Plaintiffs' claims and requested relief are barred, in whole or in part, by the applicable statutes of limitations.

### THIRD SEPARATE DEFENSE

Plaintiffs' claims and requested relief are barred, in whole or in part, by the doctrine of preemption.

### FOURTH SEPARATE DEFENSE

Plaintiffs' claims and requested relief are barred, in whole or in part, to the extent that Plaintiffs received the benefit of the bargain by consuming the Products.

### FIFTH SEPARATE DEFENSE

Plaintiffs' claims and requested relief are barred, in whole or in part, because Plaintiffs suffered no ascertainable loss or other cognizable damage or injury.

### SIXTH SEPARATE DEFENSE

Plaintiffs' claims and requested relief are barred, in whole or in part, because Plaintiffs lack standing to assert such claims.

### SEVENTH SEPARATE DEFENSE

Plaintiffs' claims and requested relief are barred, in whole or in part, because, at all times relevant hereto, defendants complied with all applicable laws and regulations, including without limitation, those set forth in the Act and the regulations promulgated thereunder.

### EIGHTH SEPARATE DEFENSE

Plaintiffs' claims and requested relief are barred, in whole or in part, to the extent that Plaintiffs and other members of the purported class have failed to mitigate their alleged damages.

### NINTH SEPARATE DEFENSE

Plaintiffs' claims and requested relief are barred, in whole or in part, by the primary jurisdiction doctrine.

### TENTH SEPARATE DEFENSE

Plaintiffs' claims and requested relief are barred, in whole or in part, because defendants acted, at all relevant times in good faith, in an appropriate, businesslike and commercially reasonable manner, consistent with current good manufacturing practices, and without malice or without any intent to injure Plaintiffs or any consumer.

## RESERVATION OF RIGHTS

Due to Plaintiffs' failure to specify key particulars regarding the material allegations of the Complaint, Defendants reserve their right to amend, modify or supplement some of or all of their responses and defenses to the Complaint.

## SET-OFF

In the event that Plaintiffs are determined to be entitled to recover some or all of the damages sought in this action, Defendants shall be entitled to a set-off or reduction of any such damages to the full extent of the monetary value of the benefits received by Plaintiffs by virtue of their purchase and/or consumption of Defendants' Products.

**WHEREFORE,** Defendants respectfully request that this Court enter judgment in their favor against Plaintiffs:

(1) dismissing with prejudice Plaintiffs' Amended Complaint;

(2) denying Plaintiffs' request to declare this action properly maintainable as a class action and to certify Plaintiffs as class representatives;

(3) denying Plaintiffs' request for injunctive relief, compensatory damages, statutory treble damages or punitive damages;

(4) denying Plaintiffs' request for statutory costs, Plaintiffs' attorneys' fees and expenses;

(5) awarding Defendants their attorneys fees and costs; and

      (6)    granting Defendants such other and further relief as is just and equitable.

                  SAIBER SCHLESINGER SATZ
                      & GOLDSTEIN. LLC
                  Attorneys for Defendants
                  *Ungar's Food Products, Inc., d/b/a*
                  *Dr. Praeger's Sensible Foods and*
                  *Sensible Foods LLC d/b/a*
                  *Dr. Praeger's Sensible Foods, Defendants*

BY:    \_s/ David R. Gross_____
          DAVID R. GROSS, ESQ.
          drg@saiber.com

          JAMES H. GIANNINOTO, ESQ.
          DAVID A. COHEN, ESQ.
          One Gateway Center, 13th Floor
          Newark, New Jersey  07102
          (973) 622-3333

DATED:  September 12, 2006