UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

ALEXANDRIA ELIAS, et al.,

        Plaintiffs,

v.

UNGAR'S FOOD PRODUCTS, INC., et al.,

        Defendants.

Civ. Action No. 06-2448 (KSH)

**OPINION**

**Katharine S. Hayden, U.S.D.J.**

**I. INTRODUCTION**

    Plaintiffs Alexandria Elias, Roxanne Scher, Dolores Baez and Jennifer Tosi (collectively "plaintiffs") are New York residents who purchased and consumed various frozen food products manufactured and distributed by defendant Ungar's Food Products, Inc. d/b/a Dr. Praeger's Sensible Foods, a New Jersey corporation. (Am. Compl. ¶¶ 9-13.) They assert claims for common law negligent misrepresentation, breach of express warranty under N.J.S.A. 12A:2-101, and consumer fraud under the New Jersey Consumer Fraud Act ("NJCFA"), N.J.S.A. 56:8-2. The suit alleges that independent testing of defendants' products, which are marketed as foods that contribute to a healthy lifestyle, revealed that the nutritional information on the packaging misrepresents the fat and caloric content of those products.

    Plaintiffs have moved for class certification pursuant to Federal Rule of Civil Procedure 23. This Court referred that motion to Magistrate Judge Patty Shwartz, who

1

issued a Report and Recommendation ("R&R") recommending that the Court "grant the motion to certify a class to pursue claims under the [NJCFA], and for breach of express warranty…but deny the motion to certify a class to pursue the common law claim of negligent misrepresentation." (R&R at 1.) Currently before the Court are defendants' timely-filed objections to the R&R.

For the reasons that follow, the Court adopts Judge Shwartz's recommendation that plaintiffs' motion for class certification be denied for the common law fraud claim and granted for the NJCFA and breach of warranty claims.

## II. STANDARD OF REVIEW

The Court's review of a party's objections to an R&R is governed by Local Civil Rules 72.1(a)(2) and 72.1(c)(2). Pursuant to the Local Rules, the Court "shall make a *de novo* determination of those portions [of the R&R] to which objection is made and may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The [Court] . . . may consider the record developed before the magistrate judge, making [its] own determination on the basis of that record." L. Civ. R. 72.1(c)(2); see also Poveromo-Spring v. Exxon Corp., 968 F. Supp 219, 221 & n.2 (D.N.J. 1997).

## III. DISCUSSION

### A. Class Certification Generally

Federal Rule of Civil Procedure 23(a), which prescribes the prerequisites to a class action, requires plaintiffs to satisfy the elements of numerosity, commonality, typicality, and adequacy of representation. Johnston v. HBO Film Mgmt., Inc., 265 F.3d 178, 183 (3d Cir. 2001).

> One or more members of a class may sue or be sued as representative parties
> on behalf of all members only if: (1) the class is so numerous that joinder of

> all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).  If those requirements are satisfied, the Court must then find that the lawsuit is maintainable as a class action under one of the three provisions of Rule 23(b). Johnston, 265 F.3d at 184.  Here, plaintiffs contend that this matter falls within the ambit of Rule 23(b)(3), which provides that "[a] class action may be maintained if Rule 23(a) is satisfied and if…the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

If the Court finds that each of the four elements of Rule 23(a) have been satisfied and that the predominance and superiority requirements of Rule 23(b)(3) are met, then the proposed class may be certified.

### B. Common Law Fraud

The Court has reviewed *de novo* Judge Shwartz's recommendation, which neither party has objected to, that class certification be denied on the common law fraud claim. Because no error is evident from the face of the record concerning this particular determination, the Court adopts those portions of the R&R as the decision of the Court.  See L. Civ. R. 72.1(c) Comment 4d.

### C. Rule 23(a)

The Court has reviewed *de novo* Judge Shwartz's recommendation, which neither party has objected to, that the plaintiffs have established the Rule 23(a) elements.  Because no error is evident from the face of the record concerning this particular determination, the

Court adopts those portions of the R&R as the decision of the Court.  See L. Civ. R. 72.1(c) Comment 4d.

### D. NJCFA and Breach of Warranty

Judge Shwartz determined that plaintiffs met their burden under Rule 23(b)(3), which requires them to demonstrate that "questions of law or fact common to members of the class predominate over any questions affecting only individual members."  Fed. R. Civ. P. 23(b)(3).  The Court's Rule 23(b)(3) analysis focuses on the substantive law on which plaintiffs base their claims.  "Although class certification may not be denied based on the factual merits of a complaint, some preliminary analysis of the legal theory on which the action is based is required."  Debrah F. Fink, D.M.D., MS, PC v. Ricoh Corp., 365 N.J. Super. 520, 538 (Law Div. 2003) (citing In re Cadillac, 93 N.J. 412, 426 (1983); Olive v. Graceland Sales Corp., 61 N.J. 182, 189 (1972)).  To establish their NJCFA claims, plaintiffs must prove that: (1) the defendant(s) engaged in deception, fraud, false pretense, false promise, or misrepresentation; (2) the plaintiff(s) suffered an ascertainable loss; and (3) a causal relationship can be established between the unlawful conduct and the loss.  N.J.S.A. 56:8-2; Weinberg v. Sprint Corp., 173 N.J. 233, 236-37 (2002).  The thrust of defendants' objections to the R&R is that plaintiffs' claims require highly individualized proofs, rendering this matter unmanageable as a class action.

Defendants assert that each plaintiff must prove causation under the NJCFA on an individualized basis and that Judge Shwartz skirted the issue of causation by erroneously relying on the "presumption of causation" principle established in Varacallo v. Mass. Mut. Life Ins. Co., 332 N.J. Super. 31 (App.Div. 2000).  Defendants assert that this reliance was misplaced, because "the Varacallo presumption is applicable in NJCFA cases only where the

alleged unlawful conduct takes the form of an omission." (Defs.' Obj. to R&R 4.) Defendants cite no case holding that <u>Varacallo</u> can never be applied to material misrepresentations, only that "subsequent decisions have quelled any conceivable uncertainty." (Defs.' Obj. to R&R 4.) But the cases cited by defendants (Defs.' Obj. to R&R 4-6) only describe the holding in <u>Varacallo</u>. None hold that the presumption cannot be applied to a consumer fraud claim based on material misrepresentations.

The facts before this Court warrant application of the <u>Varacallo</u> presumption, as Judge Shwartz determined. Plaintiffs allege that the packaging of defendants' products, which were marketed as "healthy" foods, significantly misstated fat and caloric content. Because, as Judge Shwartz noted, the statements to each purchaser are finite and readily identifiable, the risk of individual issues predominating class issues is small. Defendants' product is marketed to a specific type of consumer that will likely rely on the presentation of the product as healthy, and plaintiffs contend that they purchased products that they would not have purchased had they known the truth about them. (Am. Compl. ¶ 31.) The true burden here for the plaintiffs is to make a showing that the statements found on the packaging were misrepresentations, not to prove causation as to each individual class member. Thus, Judge Shwartz did not err in determining that <u>Varacallo</u> applies.

Defendants then argue that individual issues will predominate because the representations at issue are varied and diverse. (Defs.' Obj. to R&R 7.) Specifically, they assert that they produced 40 different versions of the products at issue during the proposed class period, meaning that "the fact-finder will ultimately have to grapple with the fact that each version contained different ingredients, mixed in different proportions, produced using different production methods and equipment, and packaged or labeled

5

differently." (Defs.' Obj. to R&R 7.) Defendants make this argument without explaining whether the differences in recipe, production methods, and packaging actually affect the fundamental issues. Plaintiffs point out that, "Whether or not there were forty versions of the Products, as defendants assert, defendants' conduct subjected each purchaser to the same wrongful course of conduct and thereby produced the same claims, supported by the same evidence and responded to by defendants with the same defenses." The different versions will not require the fact-finder to consider different defenses or issues other than whether the product packaging misrepresented the fat and caloric content. Thus, Judge Shwartz did not err in determining that individual issues would not predominate on this specific issue.

Defendants next argue that "NJCFA causation requires each class member to show that they purchased the product(s), at least in part, a result of the alleged misstatements of fat and caloric content on the packaging." (Defs.' Obj. to R&R 7.) This argument conflates the traditional formulation of reliance and causation under the NJCFA. The NJCFA "does not require proof that a consumer has actually relied on a prohibited act in order to recover. In place of the traditional reliance element of fraud and misrepresentation, we have required that plaintiffs demonstrate that they have sustained an ascertainable loss." International Union of Operating Engineers Local No. 68 Welfare Fund v. Merck & Co., Inc., 192 N.J. 372, 391 (N.J. 2007). Plaintiffs do not have the burden of proving reliance in the manner proposed by the defendants. They need only establish the causal nexus element, and, as discussed by the foregoing, they have met that threshold.

Defendants also argue that plaintiffs must prove reliance in support of their breach of express warranty claims. Defendants assert that "in order for a statement to become the

6

basis of the bargain — as is required to sustain a breach of express warranty claim — the plaintiff buyer must be aware of the representation." (Defs.' Obj. to R&R 17.)  But this line of reasoning does not comport with established case law in the class action context. Plaintiffs simply do not have to prove reliance in the manner stated by defendants.  "As a rule, no proof of the buyer's reliance on the warranty is necessary other than that the seller's statements were of a kind which naturally would induce the purchase. The warranty need not be the sole inducement."  Bregman Screen & Lumber Co. v. Bechefsky, 16 N.J. Super. 35, 41 (App.Div. 1951).  The Court can find no error with Judge Shwartz's determination that individual issues would not dominate this inquiry.

### E. Class Certification for Consumer Fraud Actions

Both federal and New Jersey courts have consistently expressed the view that class actions based on consumer fraud should normally be afforded survival beyond the pleading stage.

> In consumer fraud cases the class action mode of adjudication is particularly appropriate.  New Jersey courts, as well as federal courts construing the federal class action rule after which our rule is modeled, have consistently held that the class action rule should be liberally construed in a case involving allegations of consumer fraud.  Our Supreme Court has observed that: ". . . a court should be slow to hold that a suit [involving a claim of consumer fraud] may not proceed as a class action."

Debrah F. Fink, D.M.D., MS, PC v. Ricoh Corp., 365 N.J. Super. at 536 (citing In re Cadillac V8-6-4 Class Action, 93 N.J. 412, 435, (1983); Delgozzo v. Kenny, 266 N.J.Super. 169, 179 (App.Div. 1993); Riley v. New Rapids Carpet Ctr., 61 N.J. 218, 228 (1972)).  "The history of class suit litigation, its development over a century of growth, the origin and status of present Rule 23 of the Federal Rules of Civil Procedure, are all persuasive of the necessity of a liberal construction of this Rule 23, and its application to this class of litigation." Weeks

7

v. Bareco Oil Co., 125 F.2d 84, 88 (7th Cir. 1941); see also Sala v. National R. Passenger Corp., 120 F.R.D. 494, 500 (E.D. Pa. 1988); Roper v. Consurve, Inc., 578 F.2d 1106, 1116 (5th Cir. 1978); De Asencio v. Tyson Foods, Inc., 2002 U.S. Dist. LEXIS 13038 (E.D. Pa. 2002).  This language underscores important considerations to be taken into account for motions to certify a class.  The damages to each defendant are nominal, consisting of the purchase price of veggie burgers or potato pancakes, and thus this case could not proceed as anything other than a class action.  Denying certification at the pleading stage, which amounts to a dismissal of the case, would indeed be premature.

**V. CONCLUSION**

As discussed by the foregoing, the Court finds no error in Judge Shwartz's determination that the class be certified for the NJCFA and breach of warranty claims.  The Court certifies the claims under the NJCFA and for breach of express warranty for the following class: All persons in the United States who purchased Dr. Praeger's Frozen California Veggie Burgers, Tex-Mex Veggie Burgers, Broccoli Pancakes, Potato Pancakes, and Spinach Pancakes from May 30, 2000 through August 31, 2007.  An appropriate order will be entered.


Dated:  6/30/08                              /s/Katharine S. Hayden

                                             Katharine S. Hayden, U.S.D.J.

8