TROUTMAN SANDERS LLP
Mark I. Schlesinger
The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102
(973) 645-0772

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
----------------------------------------------------------------X
ALEXANDRIA ELIAS, ROXANNE SCHER,    :
DOLORES BAEZ and JENNIFER TOSI, on behalf  :
of themselves and all others similarly situated,  :
                                   :    **Civil Action No.:**
                 Plaintiffs,    :    **2:06-cv-02448-KSH-PS**
                                   :
       -against-              :
                                   :
UNGAR'S FOOD PRODUCTS, INC., d/b/a DR.    :
PRAEGER'S SENSIBLE FOODS and SENSIBLE  :
FOODS LLC d/b/a, DR. PRAEGER'S SENSIBLE  :
FOODS,                            :
                                   :
               Defendants.    :
                                   :
----------------------------------------------------------------X

**PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANTS'
MOTION FOR RECONSIDERATION, OR, IN THE ALTERNATIVE, FOR
CERTIFICATION PURSUANT TO 28 U.S.C. § 1292(b)**

Troutman Sanders LLP
Attorneys for Plaintiffs
The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102
(973) 645-0772

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................. ii

PRELIMINARY STATEMENT ........................................................1

ARGUMENT...................................................................................4

I.    DEFENDANTS HAVE FAILED TO SET FORTH ANY
DISPOSITIVE FACTUAL MATTERS OR CONTROLLING
DECISIONS OVERLOOKED BY THE COURT WHICH WOULD
THEREFORE WARRANT RECONSIDERATION OF THE ORDER .......4

II.   NO GROUNDS EXIST FOR CERTIFICATION OF THE
ORDER FOR INTERLOCUTORY APPEAL PURSUANT TO
28 U.S.C. § 1292(B) ................................................................7

CONCLUSION ...............................................................................9

# <u>TABLE OF AUTHORITIES</u>

## FEDERAL CASES

<u>Beazer East, Inc. v. Mead Corp.</u>,
    525 F.3d 255 (3d Cir. 2008) ...................................................................... 4, 5

<u>Buffa v. N.J. State Dep't of Judiciary</u>,
    56 Fed. Appx. 571 (3d Cir. 2003) .................................................................. 3

<u>Harter v. GAF Corp.</u>,
    150 F.R.D. 502 (D.N.J. 1993) ........................................................................ 8

<u>Jackson Hewitt, Inc. v. Childress</u>,
    Civil Action No. 06-CV-0909 (DMC), 2008 U.S. Dist. LEXIS 24460 (D.N.J.
    Mar. 21, 2008) ................................................................................................. 3

<u>Kapossy v. McGraw-Hill, Inc.</u>,
    942 F. Supp. 996 (D.N.J. 1996) ..................................................................... 8

<u>Liu v. Oriental Buffet, Inc.</u>,
    Civil Action No. 03-2406 (KSH), 2006 U.S. Dist. LEXIS 3542 (D.N.J. Jan. 30,
    2006) ................................................................................................................ 7

<u>Mauro v. N.J. Supreme Court</u>,
    238 Fed. Appx. 791 (3d Cir. 2007) ............................................................... 4

<u>PDL Biopharma, Inc., v. Sun Pharmaceutical Industries, Ltd.</u>,
    Civ. No. 07-1788 (KSH), 2009 U.S. Dist. LEXIS 67097 (D.N.J. Jul. 31, 2009) ....... 2, 3, 7

<u>Resorts International v. Greate Bay Hotel & Casino</u>,
    830 F. Supp. 826 (D.N.J. 1992) ..................................................................... 4

<u>Talsania v. Kohl's Dep't Store</u>,
    Civil Action No. 05-3892 (HAA), 2009 U.S. Dist. LEXIS 46576 (D.N.J. June 2,
    2009) ................................................................................................................ 5

## FEDERAL STATUTES

Fed R. Civ. P. 72 .................................................................................................. 7

28 U.S.C. § 1292(b) ......................................................................................... 1, 7

## PRELIMINARY STATEMENT

Plaintiffs respectfully submit this Brief in opposition to Defendants' motion for reconsideration of the Court's order (Docket No. 105), dated August 20, 2009, affirming Magistrate Judge Shwartz's order (Docket No. 91), dated December 19, 2008 denying Defendants' request for leave to file a motion for summary judgment and a motion to decertify the class (the "Order"), or, in the alternative, for certification of the Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). As demonstrated herein, Defendants' motion for reconsideration should be denied because Defendants have failed to establish, as they must, that the Court overlooked any dispositive factual matter or controlling decisions. Defendants' alternative request for certification for interlocutory appeal should also be denied because the Order does not involve a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal will not materially advance the ultimate termination of this action.

The instant motion is nothing more than an unwarranted rebuke of the Court for a proper decision unfavorable to Defendants. Defendants merely recapitulate the arguments they previously made which were considered by the Court in issuing the Order without even attempting to meet the standard for reconsideration mandated by Local Rule 7.1(i) and applicable case law. Plainly, this motion, heedless of the standard for reconsideration, has been made for the sole purpose of

further delaying an adjudication of the claims in this action, which was commenced over three years ago.

## BACKGROUND

The facts at issue and the procedural history of this action are set forth in Plaintiffs' Memorandum of Law in opposition to Defendants' appeal, dated January 23, 2009 (Docket No. 95), and will not be repeated here.

## LAW GOVERNING RECONSIDERATION MOTIONS

Citing this Court's decision in *PDL Biopharma, Inc., v. Sun Pharmaceutical Industries, Ltd*, Civ. No. 07-1788 (KSH), 2009 U.S. Dist. LEXIS 67097 (D.N.J. Jul. 31, 2009)[1], Defendants claim that "Under Local Civil Rule 7.1(i), a reconsideration motion may be granted if:  '(1) an intervening change in the controlling law has occurred, (2) evidence not previously available has become available, or (3) it is necessary to correct a clear error of law or prevent manifest injustice.'"  (Defs. Br. at 1).  This quote, however, is taken out of context and fails to first cite the text of Local Rule 7.1(i), which requires that a motion for reconsideration be accompanied by a "brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge overlooked."

---

[1] Defendants incorrectly cited an earlier decision in that action, *EKR Therapeutics, Inc., v. Sun Pharmaceutical Industries, Ltd.*, (D.N.J. Mar. 31, 2009) (Defs. Br. at 1).

Defendants also fail to cite the remainder of the Court's discussion in *PDL Biopharma* of the law governing reconsideration motions.  As the Court stated in *PDL Biopharma*:

> Relief by way of a motion for reargument is an extraordinary remedy that is to be granted very sparingly. . . .  The local rule governing reconsideration does not contemplate a recapitulation of arguments considered by the court before rendering its decision.  *The rule generally permits reconsideration only where dispositive factual matters or controlling decisions of law were presented to the court but were overlooked.*

*PDL Biopharma*, 2009 U.S. Dist. LEXIS 67097, *4 (internal quotations and citations omitted) (emphasis added); *see also Buffa v. N.J. State Dep't of Judiciary*, 56 Fed. Appx. 571, 575 (3d Cir. 2003) ("Local Rule 7.1(g)[2] does not permit a Court to rethink its previous decision . . . ").

Finally, "[r]econsideration is inappropriate where the motion merely raises a party's disagreement with the Court's decision or seeks to rehash arguments already raised and rejected."  *Jackson Hewitt, Inc. v. Childress*, Civil Action No. 06-CV-0909 (DMC), 2008 U.S. Dist. LEXIS 24460, * 11 (D.N.J. Mar. 21, 2008).

---

[2] By Order dated February 24, 2005, Local Rule 7.1(g) was changed to Local Rule 7.1(i).

## ARGUMENT

**I. DEFENDANTS HAVE FAILED TO SET FORTH ANY DISPOSITIVE FACTUAL MATTERS OR CONTROLLING DECISIONS OVERLOOKED BY THE COURT WHICH WOULD THEREFORE WARRANT RECONSIDERATION OF THE ORDER**

While Defendants claim that they are "absolutely convinced that the requirements for reconsideration are satisfied," (Defs. Br. at 1), the "extraordinary remedy" sought should be denied because Defendants have failed to identify a single fact or controlling decision that the Court overlooked in issuing the Order. *See Mauro v. N.J. Supreme Court*, 238 Fed. Appx. 791, 793 (3d Cir. 2007) (motion for reconsideration "should be granted only where facts or controlling legal authority were presented to but overlooked by the District Court"); *Resorts Int'l v. Greate Bay Hotel & Casino*, 830 F. Supp. 826, 831 (D.N.J. 1992) (same).

Based upon its review of the record, including Defendants' 39-page brief in support of their appeal from Magistrate Judge Shwartz's December 19, 2008 order, the Court concluded that "because defendants failed to identify in the Final Pretrial Order either the motion for summary judgment due to change of law, or the motion for decertification, Judge Shwartz properly denied permission to file these motions." (Opinion, at 4) (Docket No. 104).

Instead of asserting, as they must, that the Court overlooked a controlling decision which was presented by Defendants, they "respectfully disagree" with the Court's determination and cite *Beazer East, Inc. v. Mead Corp.*, 525 F.3d 255, 263

-4-

(3d Cir. 2008) for the proposition that "[a]n exception to normal . . . waiver rules is recognized when an intervening decision from a superior court changes the controlling law." (Defs. Br. at 11). However, because Defendants did not cite *Beazer East* and did not argue, as they do now, that an exception to the ordinary waiver rules exists in support of their appeal from Magistrate Judge Shwartz's December 19, 2008 order (Docket No. 92), Defendants' have failed to establish that the Court overlooked a controlling decision which had been presented. *See Talsania v. Kohl's Dep't Store*, Civil Action No. 05-3892 (HAA), 2009 U.S. Dist. LEXIS 46576, *5 (D.N.J. June 2, 2009) (noting that cases cited for first time on reconsideration cannot have been overlooked and therefore cannot support a motion for reconsideration).

Moreover, even had they cited *Beazer East*, which was decided prior to the filing of their appeal, the Court's decision would not have been different, as *Beazer East* is inapplicable. *Beazer East* involved defendant-appellant's efforts to raise issues on a second appeal following remand that it had failed to raise on the initial appeal. While it concluded that defendant-appellant was barred from raising the issues, the Third Circuit noted that although an appellant is normally barred from raising issues on appeal not made below or in an earlier appeal, an exception to this waiver rule is recognized where an intervening decision from a superior court changes controlling law. *See Beazer East*, 525 F.3d at 263-64. The exception to

the normal waiver rules noted in *Beazer East* has never been applied to circumstances beyond those at issue in that case, and has never been held to apply to excuse a party's failure to identify all anticipated motions in a Final Pretrial Order.  Further, the Court properly found that Defendants, who listed over a dozen motions in the Final Pretrial Order that they intended to make, clearly should have anticipated and listed the motions they now seek to make, but failed to list. (Opinion, at 3-4).

Finally, because the Court determined that Magistrate Shwartz properly denied Defendants' request for leave to file the motions for summary judgment and decertification on the ground that Defendants failed to identify such motions in the Final Pretrial Order (Opinion, at 4) and Defendants do not allege that the Court overlooked any facts or controlling decisions in connection therewith, it is not necessary to address Defendants' arguments concerning the additional grounds upon which the Court issued the Order.  It is worth noting however, that nowhere in their Brief do Defendants identify any facts or controlling law that they claim the Court overlooked.  Instead, Defendants largely rehash the arguments made in support of their appeal, which were considered and rejected by the Court.  Equally unavailing are Defendants' efforts to raise new arguments and cite cases not previously brought to the Court's attention.

Defendants have failed to meet their burden of demonstrating that in affirming Magistrate Judge Shwartz's December 19, 2008 order the Court overlooked controlling decisions of law or dispositive factual matters which were presented by Defendants.  Accordingly, the motion for reconsideration should be denied.[3]

## II.  NO GROUNDS EXIST FOR CERTIFICATION OF THE ORDER FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(B)

As the Court has recognized,

> to certify a non-final order for interlocutory appeal, district courts must meet all three of the following criteria, which require the order to (1) involve a 'controlling question of law;' (2) for which there is a 'substantial ground for difference of opinion' as to its correctness, and (3) may 'materially advance the ultimate termination of the litigation' if appealed immediately.

*Liu v. Oriental Buffet, Inc.*, Civil Action No. 03-2406 (KSH), 2006 U.S. Dist. LEXIS 3542, *9 (D.N.J. Jan. 30, 2006).  The Court also explained that "[t]his is an extremely high standard to meet, making its use one that is confined to only exceptional circumstances" (*id.*, at *9-10) and noted that "one court stated that, when reviewing motions for certification of an order for interlocutory appeal,

---

[3] Even were the Court to accept the standard espoused by Defendants, the motion should be denied.  Defendants have not identified (i) any intervening change of controlling law which has occurred since the Court issued the Order on August 20, 2009; (ii) any evidence not available as of January 8, 2009, the date they filed their Notice of Appeal pursuant to Fed R. Civ. P. 72, which has become available since that time; or (iii) a clear error of law that must be corrected or a manifest injustice that must be prevented.  *See PDL Biopharma, Inc.,* 2009 U.S. Dist. LEXIS 67097, at *4.

district courts should understand that 'certification is generally not to be granted.'"

*Id.*, at \*10 (*quoting Harter v. GAF Corp.*, 150 F.R.D. 502, 517 (D.N.J. 1993).

Moreover, a "mere disagreement with the district court's ruling does not constitute a 'substantial ground for difference of opinion' within the meaning of §1292(b). Rather, the 'difference of opinion' must arise out of genuine doubt as to the correct legal standard." *Kapossy v. McGraw-Hill, Inc.*, 942 F. Supp. 996, 1001 (D.N.J. 1996).

This is clearly not one of the exceptional circumstances where certification would be appropriate. Defendants offer no support for their assertion that the three issues identified meet the strict standard set forth above. Instead, Defendants disagree with the Order and assert that an adverse determination in this action would potentially bankrupt them. Defendants essentially argue that the Order should be certified because if it is not, they may have to answer for their alleged wrongdoing. That is simply not a proper ground for certification and the motion should be denied.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that the Court

deny Defendants' motion in its entirety.

Dated: Newark, New Jersey
      September 21, 2009

                                   TROUTMAN SANDERS LLP
                                   The Legal Center
                                   One Riverfront Plaza
                                   Newark, New Jersey 07102
                                   (973) 645-0772

                                   By: /s/ Mark I. Schlesinger
                                      Mark I. Schlesinger

                                          -and-

                                   Charles P. Greenman
                                   Matthew J. Aaronson
                                   Eric L. Unis
                                   The Chrysler Building
                                   405 Lexington Avenue
                                   New York, New York 10174
                                   (212) 704-6000
                                   *Attorneys for Plaintiffs*