UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALEXANDRIA ELIAS, ROXANNE SCHER, DOLORES BAEZ and JENNIFER TOSI, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNGAR'S FOOD PRODUCTS, INC., d/b/a DR. PRAEGER'S SENSIBLE FOODS and SENSIBLE FOODS LLC, d/b/a DR. PRAGER'S SENSIBLE FOODS,<br><br>Defendants. | Civil Action No. 2:06-cv-02448-KSH-PS<br><br><br><br><br><br>ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT AND PROVIDING FOR NOTICE TO THE SETTLEMENT CLASS |

WHEREAS, a class action is pending in this Court entitled <u>Elias v. Ungar's Food Products, Inc.</u>, Civil Action No. 2-06-cv-02448-KSH-PS (the "Action");

WHEREAS, the parties to the Action have agreed, subject to Court approval following notice to the proposed Settlement Class and a hearing, to settle this Action upon the terms and conditions set forth in the settlement lodged with this Court (the "Settlement");

WHEREAS, this Court has reviewed the Settlement, including the accompanying exhibits, as well as the files, records, and proceedings to date in this matter;

WHEREAS, for purposes of this Order, capitalized terms used below shall have the meaning ascribed to them in the Settlement Agreement, unless otherwise defined;

WHEREAS, for purposes of the Action, this Court has subject matter and personal jurisdiction over the parties, including all Settlement Class Members; and

WHEREAS, this Court has issued multiple lengthy decisions addressing the facts and legal issues raised in this case and is intimately familiar with the strengths and

weaknesses of the parties' respective litigation positions;

NOW, THEREFORE, based on its review of the Settlement and familiarity with all of the files, records, and proceedings herein, the Court concludes, upon preliminary examination, that (1) the Settlement appears fair, reasonable and adequate for all Settlement Class Members, and within the range of reasonableness for preliminary approval such that a presumption of fairness is appropriate; (2) the Class should receive notice of the Settlement and be provided the opportunity to exclude themselves from, or object to the Settlement; and (3) whether the Settlement is fair, reasonable, and adequate for all Settlement Class Members and should be approved and confirmed through final judgment, and whether Class counsel's request for payment of attorneys' fees and costs ("Fee Application") should be granted, should be considered at a hearing ("Final Approval Hearing").

IT IS HEREBY ORDERED THAT:

1. **Preliminary Approval of Settlement**. The Settlement, including all exhibits thereto, is preliminarily approved as fair, reasonable, and adequate for all Settlement Class Members, and within the range of reasonableness, such that a presumption of fairness is appropriate for the purposes of preliminary settlement approval. The Court finds that: (a) the Settlement resulted from extensive arm's length negotiations; (b) sufficient discovery occurred prior to the Settlement to inform all parties and the Court of the relative strengths and weaknesses of their positions; (c) Class counsel are experienced in litigation and settlement of similar litigation; and (d) the Settlement is in all other respects sufficient to warrant notice of the Settlement to the Class and a full hearing on the approval of the Settlement.

2. **Final Approval Hearing.** A Final Approval Hearing shall be held before the Honorable Katharine S. Hayden, on _Sept. 13, 2012_, at _10_ a.m., as set forth in the notice to the Settlement Class (described in Paragraph 3 below), to determine whether the Settlement is fair, reasonable, and adequate, and should be approved. Papers in support of final approval of the Settlement, the proposed Incentive Awards to Plaintiffs, and Class counsel's Fee Application shall be filed with the Court according to the schedule set forth in Paragraph 8 below. The Final Approval Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Settlement Class. After the Final Approval Hearing, the Court may enter a final approval order and final judgment in accordance with the Settlement that will adjudicate the rights of the Settlement Class Members with respect to the Released Claims being settled.

3. **Class Notice**.

    a. Within ten (10) days following entry of this Order: Class Counsel shall mail the Long Form Settlement Notice to Class Members in the form approved by the Court. The Long Form Settlement Notice shall be mailed to all Class Members whose last known mailing addresses are known, as provided by Defendants. The Plaintiffs shall update Class Member addresses using available U.S. Postal Service change-of-address information, shall make reasonable efforts to locate the proper address for any Long Form Settlement Notice returned by the U.S. Postal Service as undeliverable and shall re-mail any returned Long Form Settlement

Notice within ten (10) days after receipt of same by Plaintiffs using any updated address information available from the U.S. Postal Service; and

b. Defendants shall also publish a Short Form Settlement Notice on the internet by distribution through Business Wire or PR Newswire once during the Opt Out Period; and

c. Defendants shall publish the Short Form Settlement Notice in USA Today (one insertion) and Weight Watchers Magazine (one insertion) during the Opt Out Period.

4. **Findings Concerning Class Notice**. The Court finds that the foregoing program of Class Notice and the manner of its dissemination is the best practicable notice under the circumstances and is reasonably calculated to apprise Settlement Class Members of the pendency of this Action and their right to object to or exclude themselves from the Settlement Class. Accordingly, the Court finds that the Class Notice program is reasonable, that it constitutes due, adequate, and sufficient notice to all persons entitled to receive notice and that it meets the requirements of due process and Federal Rule of Civil Procedure 23.

5. **Approval of Claims Process and Forms**. The Claim Form and the claims submission process described in the Settlement are approved.

6. **Exclusion From The Settlement Class**.

(a) Persons in the Settlement Class may exercise their right to exclude themselves from the Settlement by following the "Opt-Out" procedure set forth in the Settlement Notice within sixty (60) days after the Notice Date. All Settlement Class Members who do not Opt Out in

accordance with the terms set forth in the Settlement Notice will be bound by all determinations and judgments in the Action.

(b)     Exclusion requests must be sent by mail and must (i) be signed; (ii) include the full name, address, and telephone number of the Class Member; and (iii) indicate that the Settlement Class Member wishes to be excluded from the class settlement in <u>Elias v. Ungar's Food Products, Inc.</u>, Civil Action No. 2-06-cv-02448-KSH-PS.  Completed signed exclusion requests must be delivered on or before the Opt-Out and objection deadline.  No Settlement Class Member, or any person acting on behalf of or in concert or participation with that Settlement Class Member, may exclude any other Settlement Class Member from the Settlement Class.

(c)     No later that five (5) days before the Final Approval Hearing, Class Counsel shall file with the Court the names of all Class Members who have submitted a timely request to Opt Out of the Class.

7.     **Objections and Appearances.**

(a)     Any person in the Settlement Class who has not timely submitted a valid request for exclusion from the Settlement Class, and thus is a Settlement Class Member, may object to the Settlement and/or oppose Class Counsel's Fee Request and/or oppose the Incentive Awards to the Plaintiffs.  As set forth in the Settlement Notice, in order to object, a Class Member must provide a written objection, postmarked or hand-delivered no later than sixty (60) days after the Notice Date ("Objection Deadline"), to the Clerk of the Court, Class Counsel, and counsel for Defendants at the addresses provided in the Settlement Notice.  To state a valid objection to the Settlement, an objecting Settlement Class Member must provide the following information in a written objection: (i) name, address, and

5

telephone number; (ii) proof of membership in the Class, (iii) a statement of the position(s) the objector wishes to assert, including the factual and legal grounds for the position; (iv) copies of any other documents the objector wishes to submit in support of his/her/its position; and (v) a list of any other class action cases in any court in the United States, whether state, federal, or otherwise, in which the Class Member has submitted objections within the previous five (5) years or, an affirmative statement that the Class Member has not objected to any other class action settlement in any court in the United States within the previous five (5) years. This Court shall not be obliged to consider any objection that is not provided in accordance with the deadlines and other specifications set forth in the Settlement Notice.

(b)   Class Members who have submitted timely and valid written objections may also appear and be heard at the Final Approval Hearing if they wish, but they are not required to do so. As set forth in the Settlement Notice, Class Members who wish to appear at the hearing should so state in their objections.

8.   **Further Papers In Support of Settlement and Fee Application**. The parties shall file their opening papers in support of final approval of the Settlement, and Class Counsel shall file their Fee Application, no less than fourteen (14) days prior to the Objection Deadline. Any reply papers or other responses the parties wish to file in response to Class Member objections shall be filed with the Court no less than seven (7) days prior to the Final Approval Hearing.

9.  **Effect of Failure to Approve the Settlement**. In the event the Settlement is not approved by the Court, or for any reason the parties fail to obtain a Final Judgment as contemplated in the Settlement, or the Settlement is terminated pursuant to its terms for any reason, then the following shall apply:

(a) All orders and findings entered in connection with the Settlement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

(b) Nothing contained in this Order is, or may be construed as, any admission or concession by or against Defendants or Plaintiffs on any point of fact or law; and

(c) Neither the Settlement terms nor any publicly disseminated information regarding the Settlement, including, without limitation, the Settlement Notice, court filings, orders and public statements, may be used as evidence for any purpose whatsoever. In addition, neither the fact of, nor any documents relating to Defendants withdrawal from the Settlement, any failure of the Court to approve the Settlement and/or any objections or interventions may be used as evidence for any purpose whatsoever.

10. **Stay/Bar of Other Proceedings**. All proceedings in this Action are stayed until further order of the Court, except as may be necessary to implement the terms of the Settlement. Pending final determination of whether the Settlement should be approved, Plaintiffs, all persons in the Settlement Class, and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively or in any other capacity) against any of the Released Parties any action,

arbitration, or proceeding in any court, arbitration forum, or tribunal asserting any of the Released Claims.

**IT IS SO ORDERED.**

Dated: May 21, 2012

KATHARINE S. HAYDEN
UNITES STATES DISTRICT JUDGE